IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JUAN CARLOS CHAVELAS DIEGO,

     Petitioner,

v.                                       No. 1:26-cv-00828-KG-SCY

GEORGE DEDOS, et al.,

     Respondents.

**<u>MEMORANDUM ORDER AND OPINION</u>**

This matter is before the Court on Petitioner Juan Carlos Chavelas Diego's Petition for Writ

of Habeas Corpus under 28 U.S.C. § 2241, Doc. 1.  Because Petitioner's challenge presents a purely

legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for

the reasons below.

**I.**     ***Background***

Petitioner is a native and citizen of Mexico.  Doc. 5 at 1.  He entered the United States in

2001 and married a United States citizen in 2014.  Doc. 1 at 12.  The Department of Homeland

Security ("DHS") arrested Petitioner on December 9, 2025, in the parking lot of a McDonald's

restaurant in Cicero, Illinois.  *Id.*  An immigration judge denied Petitioner's request for a change in

custody status.  *Id.* at 13.  As of the filing of this petition, Petitioner had not been ordered removed.[1]

Doc. 1 at 12, Doc. 5 at 3.

Petitioner challenges his mandatory detention pursuant to 8 U.S.C. § 1225, arguing that his

continued detainment without a bond hearing violates due process.  Doc. 1 at 13–15.  Petitioner also

---

[1]Petitioner was scheduled for removal proceedings before an immigration judge on April 7, 2026.  Doc. 5 at 3.  Neither party has suggested that the results of that hearing impact the Court's analysis.

claims that "[t]he Government is judicially estopped from asserting that Petitioner is subject to mandatory detention." *Id.* at 15.  The Government opposes the motion.  *See generally* Doc. 5.

**II.      Standard of Review**

A habeas petition seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas review is proper where an immigration detainee is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.     Analysis**

For the reasons below, the Court concludes that (A) § 1226 governs Petitioner's detention, and (B) Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and (C) release is warranted.

**A.      Petitioner's detainment violates the INA.**

"Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal."  *Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1295 (D.N.M. 2025).  Section 1225 governs noncitizens who are detained at a port of entry or shortly after entry.  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  This includes noncitizens deemed to be "seeking admission" into the United States, 8 U.S.C. § 1225(a), as well as those placed in expedited removal proceedings under § 1225(b)(1).  The provision "mandate[s] detention of applicants for admission until certain proceedings have concluded."  *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

By contrast, § 1226 "applies to [noncitizens] already present in the United States."  *Id.* at 303.  Section 1226 permits, but does not require, the Attorney General to arrest and detain a noncitizen pending removal proceedings.  *Id.*  "Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings as described by federal regulation."  *Cortez-Gonzalez*, 811 F. Supp. 3d at 1295.

2

Section 1226(a) governs Petitioner's detention.  *See Barco Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y.) (collecting 362 district-court opinions nationwide and noting that challengers prevailed in at least 350 of them, in decisions by over 160 judges across fifty courts).[2] Noncitizens, like Petitioner, who reside in the country are "no longer seeking to enter the United States (lawfully or otherwise)—they are already here." *Cortez-Gonzalez*, 811 F. Supp. 3d at 1296 (internal quotation marks and citation omitted).  Petitioner has lived in the United States since 2001 and has been married to a United States citizen since 2014.  Doc. 1 at 12.  Petitioner was arrested in Cicero, Illinois—away from the border or a port of entry.  *Id.*  At the time of his arrest, Petitioner had been present in the United States for more than two decades.  *Id.*  Given his presence in the United States, the Court concludes that § 1226(a) governs Petitioner's detention and his prolonged confinement without an individualized bond hearing violates the INA.

The Court's conclusion is well supported by prior decisions.  The Government concedes that the material facts here are materially indistinguishable from those in *Patel v. Noem*, 2026 WL 103163 (D.N.M.), where the Court held that § 1226 governed the detention of a noncitizen present in the United States and not apprehended at or near the border.  *See* Doc. 5 at 2–3.  The Court has reached the same conclusion in numerous similar cases.  *See, e.g.*, *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *3 (D.N.M.); *Arroyo Lopez v. Noem*, 2026 WL 776332, at *3 (D.N.M.); *Aguilar v. Lyons*, 2026 WL 851237, at *2 (D.N.M.).  The Government acknowledges that these decisions control here if followed.  Doc. 5 at 2–3.  Because the Government offers no new basis for Petitioner's continued detention, he is entitled to relief.

> **B.      *Petitioner's detention violates the Due Process Clause.***

---

[2]While the Fifth Circuit holds that "[w]hile [noncitizens] remain applicants" for admission, "they are...seeking admission," *Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330, at *5 (5th Cir.), the Tenth Circuit has not yet addressed the question.

3

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of "life, liberty, or property, without due process of law[.]"  U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."  *Zadvydas*, 533 U.S. at 690.  "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."  *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693.  The Government's power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons."  *Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly.").  Given that § 1226(a) is controlling here, Petitioner "is entitled—as a right—to an individualized bond hearing."  *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5 (D.N.M.).  Petitioner's continued detention without such review "constitutes an ongoing violation of [his] right to due process."  *Id.*

### C.    *The proper remedy is release.*

The Court next turns to the appropriate remedy.  Federal courts are authorized under § 2243 to "dispose of [a habeas petition] as law and justice require" and thus possess broad discretion to fashion appropriate relief.  *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (noting that a federal court "possesses power to grant *any form of relief necessary* to satisfy the requirement of justice") (emphasis in original).  Given the Government's conduct here, release is warranted.  *See Singh v. Carnes*, 2026 WL 446579, at *1 (D.N.M.) (ordering release where the Government "failed to articulate a legitimate interest in Petitioner's continued detention"); *Palomeque-Carrion v. Bondi*, 2026 WL 895567, at *2 (D.N.M.) (same); *Alfaro Herrera v. Baltazar*, 2026 WL 91470, at *1 (D. Colo.) (same).

### III.    *Conclusion*

Because the Court grants Petitioner's release under the INA and the Due Process Claim, it declines to consider Petitioner's remaining claims. The Court orders that:

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted. The Government shall release Petitioner within 24 hours of this Order. The Government shall not impose any new conditions of release beyond those in place prior to Petitioner's detention.

2. The Government is enjoined from redetaining Petitioner absent a predetention hearing before a neutral Immigration Judge under § 1226(a), at which the Government must establish, by clear and convincing evidence, that Petitioner poses a danger or flight risk.

3. The Government shall file a status report within ten (10) business days of this Order certifying compliance.

4. The Court does not address Petitioner requests for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Such a request must be made by separate motion. *Ndou v. Noem*, 2026 WL 686564, at *5 (D.N.M.).

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.